# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS, LP,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 71332

**FILED**

DEC 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER VACATING AND REMANDING*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and vacate and remand.

Appellant Bank of America asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price.[1] This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, 405

---

[1]Bank of America also contends that it should be entitled to summary judgment because NRS Chapter 116 is preempted by federal mortgage insurance programs and that the statutory scheme violates its due process rights. These contentions fail in light of this court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017).

17-44004

P.3d 641 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Here, as evidence of fraud, unfairness, or oppression, Bank of America observes that the foreclosure notices contained amounts due that did not increase incrementally and that the amount due did not increase at all between the generation of an April 2011 Payoff Statement and the generation of an August 2012 Notice of Sale. In particular, Bank of America contends that the unchanged amount due may reflect that the superpriority lien amount may have been satisfied before the foreclosure sale or that there were other pre-sale irregularities. We agree with Bank of America and conclude that the district court's failure to address this issue necessarily resulted in the district court not considering the "entirety of the circumstances that bear upon the equities" as required under *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016). Accordingly, summary judgment may have been improper. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper only when there are no genuine issues of material fact). We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Nancy L. Allf, District Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk